IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOHN W. HARTLEY,  )
an individual,    )
                  )
     Plaintiff,   )
                  )
v.                )   Case No. CIV-09-067-KEW
                  )
CENTERPOINT ENERGY GAS )
TRANSMISSION COMPANY,  )
                  )
     Defendant.   )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment filed December 14, 2009 (Docket Entry #39). Plaintiff, acting *pro se*, filed a timely response to the Motion and Defendant has replied. Upon review and consideration of the briefs filed by the parties, this Court renders this ruling.

On February 4, 2008, Defendant Centerpoint Energy Gas Transmission Company ("CEGTC") filed an application with the Federal Energy Regulatory Commission ("FERC") to construct and operate the Tontitown Project, a 16 mile natural gas pipeline loop in Arkansas and a new compressor station in Oklahoma. On May 27, 2008, the FERC issued an Order Issuing Certificate authorizing CEGTC to construct and operate the Tontitown Project.

CEGTC purchased a 72 acre tract of land in LeFlore County, Oklahoma for the compressor station. Pursuant to the regulations contained in 18 C.F.R. § 157.6(d) and 18 C.F.R. § 157.21(f)(3), CEGTC mailed notification letters to affected landowners within

one-half (1/2) mile of the proposed location of the Poteau Compressor Station. CEGTC used the originally proposed location of the compressor station to compile the distribution list for landowner notification letters. The location CEGTC originally proposed for the compressor station was slightly west of the location CEGTC ultimately constructed the compressor station. As a result of final engineering and design assessment, the site of the as-built compressor unit was built slightly closer to Plaintiff John W. Hartley's ("Hartley") property than the original plans for the compressor station had proposed.

Because Hartley's property was not originally identified as property within one half mile of the compressor station, Hartley was not included in the distribution list for landowner notification. On February 27 and March 5, 2008, CEGTC published notice of the Tontitown Project application in the Poteau Daily News, a newspaper of local circulation in LeFlore County, Oklahoma. On September 26, 2007, CEGTC also conducted an informational open house in Poteau, Oklahoma, publishing notice of the open house in the local newspapers. Other than Hartely, no other landowners in the vicinity of the Poteau Compressor Station have complained that they did not receive adequate notification of the station.

Hartley contacted FERC staff to complain about the lack of letter notification. In an e-mail received on September 25, 2008, FERC staff stated that CEGTC had fulfilled its obligation to make

a good faith effort to notify all affected landowners as required by 18 C.F.R. § 157.6(d).

On May 18, 2009, Hartley filed a formal complaint with the FERC complaining that CEGTC had not provided him notice of the station by hand or mail. On May 28, 2009, CEGTC submitted its response to Hartley's complaint to the FERC. On October 6, 2009, Hartley filed a Second Request for an Immediate Hearing to the Formal Complaint Filed May 18, 2009 with the FERC.

By letter dated December 3, 2009, the FERC responded to Hartley's formal complaint through Julia Bovey, Director of the Office of External Affairs for the FERC. The FERC acknowledged Hartley's claims regarding ownership of a residence within one-half mile of the Poteau Compressor Station and his claim of the failure of CEGTC to give him notice of the proposed project. The FERC further notes Hartley's indication that he sold the residence due to concerns that the compressor station presented a danger to his family and that he suffered monetary damages as a result because he had to sell the residence "under unfavorable conditions."

The FERC informed Hartley that its staff had looked into the matter, confirmed the location of the residence and CEGTC's obligation to provide him with notice and it's acknowledgment that it failed to do so. The FERC states "there is no indication that the company's failure to provide individual notice to you was intentional or that the company has a pattern of failing to comply

with notice procedures." Ms. Bovey then notes Hartley had filed an action in this Court, which she found to be "the proper forum for seeking any restitution to which you believe you may be entitled."

CEGTC submitted a noise survey report to the FERC pertaining to the Poteau Compressor Station demonstrating compliance with the FERC's requirements for permissible operational noise emissions.

On January 30, 2009, Hartley initiated an action in the District Court in and for LeFlore County, Oklahoma, alleging claims against CEGTC for private nuisance and fraud. CEGTC removed the action to this Court on February 20, 2009 based upon diversity jurisdiction.

CEGTC filed the subject request for summary judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Universal Money Centers v. A.T. & T., 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for

a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Applied Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the material facts set forth above, this Court finds no significant dispute. Indeed, Hartley largely accepts CEGTC's statement of undisputed facts as accurate. The question presented by the Motion, then, turns upon whether CEGTC is entitled to summary judgment as a matter of law, in light of the facts presented.

The parties are in apparent agreement that the Natural Gas Act (the "Act") governs the establishment of federal regulations for the transportation and sale of natural gas in interstate commerce. 15 U.S.C. § 717(b). Specific to this case, the Act provides that no natural gas company which shall:

> undertake the construction or extension of any facilities . . ., or acquire or operate any such facilities or

extensions thereof, unless there is in force with respect to such natural-gas company a certificate of public convenience and necessity issued by the [FERC] authorizing such operations . . . .

15 U.S.C. § 717f(c)(1)(A).

The certificate referenced in this section is issued by the FERC to a qualified applicant authorizing the construction of a facility "if it is found that the applicant is able and willing properly to do the acts and to perform the service proposed and to conform to the . . . requirements, rules, and regulations" of the FERC. 15 U.S.C. § 717f(e). In addition, the applicant must "make a good faith effort to notify all affected landowners . . . (i) By certified or first class mail, sent within 3 business days following the date the Commission issues a notice of the application; or (ii) By hand, within the same time period." 18 C.F.R. § 157.6(d)(1). "Affected landowners" is defined by the regulations as "owners of property interests, as noted in the most recent county/city tax records as receiving the tax notice, whose property is within one-half mile of proposed compressors or their enclosures or LNC facilities." 18 C.F.R. § 157.6(d)(2)(iii).

Clearly, CEGTC failed to comply with the noticing requirements of these regulations as they pertain to Hartley. CEGTC acknowledges this failing. However, it argues its efforts to notice landowners constituted a good faith effort as permitted by the regulations. In this instance, CEGTC's original plans called

for the compressor station to be located farther than one-half mile from Hartley's property and, therefore, outside of the required noticing area. Only when the location was moved such that Hartley's property came within the radius of one-half mile did CEGTC's notification requirements arise.

Hartley has filed claims for fraud and private nuisance, contending that if he had been properly noticed, he could have sold his property in anticipation of the construction of the compressor station and realized a greater profit from the sale. Given the nature of Hartley's claims, this Court need not address whether CEGTC's endeavors to notify landowners constituted a good faith effort. Rather, the question is whether the required elements of Hartley's claims may be proved.

Hartley's first claim is based in fraud. In order to prevail on this claim, Hartley must prove that CEGTC (1) made a false material misrepresentation; (2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth; (3) with the intention that it be acted upon; and (4) which is relied upon by Hartley to his own detriment. Bowman v. Presley, 212 P.3d 1210, 1218 (Okla. 2009). The fraud alleged by Hartley was contained in CEGTC's application to the FERC stating that the noticing provisions of FERC's regulations have been satisfied when, in fact, he was not properly noticed.

Initially, Hartley's claim would appear to be deficient since no misrepresentation was made to him but rather false information was provided to the FERC. Moreover, nothing in the evidence would indicate CEGTC either misrepresented information to the FERC intentionally or recklessly without knowledge of the truth or failed to notice Hartley intentionally or recklessly. Indeed, the FERC, the party against whom the alleged fraud was truly perpetrated, did not find any such intent in its review of CEGTC's noticing of landowners. The evidentiary record does not indicate CEGTC attempted to cover up its noticing deficiency of Hartley when the situated was presented to it. During the process, CEGTC had provided publication notice of its intent to construct the compressor station as well as hosting an open house forum on the subject. None of these actions support a finding of fraud.

Further, this Court concurs with CEGTC's position that a private right of action does not exist under the Act. New Orleans Public Serv. Inc. v. United Gas Pipeline Co., 732 F.2d 451, 466 n.26 (5th Cir. 1984). Consequently, to the extent Hartley is attempting to base a claim for fraud upon any such violation of the Act by CEGTC, such a position is rejected.

Hartley also asserts a claim for private nuisance in this action. A review of Hartley's Amended Complaint does not shed light upon the basis for this claim. Hartley stated in connection

with this claim that "the failure to notify of location cost the Plaintiff the right to protest the construction of this large and noisy nuisance. This failure has cost the Plaintiff extreme losses in real estate values and enjoyment of his home and place of business." As this Court has stated, the Act and related regulations promulgated by the FERC govern the construction of facilities such as the compressor station at issue in this case. In accordance with the Act and these regulations, the FERC possesses exclusive jurisdiction over the natural gas facilities engaging in interstate commerce. Northern Natural Gas Pipeline Co. v. Iowa Utilities Board, 377 F.3d 817, 821 (8th Cir. 2004). The FERC's regulations set forth the requirements for the operation of natural gas facilities such as CEGTC's compressor station. Hartley may only prevail on his nuisance claim if he can show CEGTC has failed to comply with the FERC's operational regulations. See, Bieneman v. City of Chicago, 864 F.2d 463, 472-73 (7th Cir. 1988). He has not done so in this case or even alleged that CEGTC has failed to comply with the FERC's regulations in operating the compressor station. Moreover, nothing in the evidence, including the correspondence from the FERC in connection with the particular compressor station operated by CEGTC and involved in this case, indicates any deficiencies or violations of the controlling regulations in the operation of the facility. As a result,

9

Hartley's nuisance claim must fail as well.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment filed December 14, 2009 (Docket Entry #39) is hereby **GRANTED**. Accordingly, Hartley's claims are hereby **DISMISSED**.

IT IS SO ORDERED this 27th day of January, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE